**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

| | |
|---|---|
| **TODD KIRY and**<br>**DANIELLE KIRY, his wife**<br>446 Bella Vita Ct.<br>Hammonton, NJ 08037<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>**HYATT HOTELS CORPORATION a/k/a and/or d/b/a as HYATT REGENCY CHESAPEAKE BAY GOLF RESORT, SPA AND MARINA**<br>150 North Riverside Plaza, 8th Floor<br>Chicago, Illinois 60606<br>　　　**AND**<br>**JOHN DOES 1-10** (said names being fictitious as presently unknown), **JOHN DOES MAINTENANCE COMPANIES 1-10** (said names being fictitious as presently unknown), **JOHN DOES INDEPENDENT CONTRACTORS 1-10** (said names being fictitious as presently unknown), **JOHN DOES CLEANING/ FACILITY MANAGEMENT 1-10** (said names being fictitious as presently unknown), **JOHN DOES XYZ COMPANIES 1-10** (said names being fictitious as presently unknown)<br>　　　　　Defendants. | **CIVIL ACTION**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs, Todd Kiry and Danielle Kiry, state the following by way of Complaint against the Defendants.

**I.    PARTIES**

1.    At all times material hereto, plaintiff, TODD KIRY, is a citizen and resident of the State of New Jersey, residing therein at the above-captioned address.

2.    At all times material hereto, plaintiff, DANIELLE KIRY, is a citizen and resident of the State of New Jersey, residing therein at the above-captioned address.

3.  Defendant HYATT HOTELS CORPORATION a/k/a and/or d/b/a as HYATT REGENCY CHESAPEAKE BAY GOLF RESORT, SPA AND MARINA ("HYATT") is a Delaware corporation, having its principal place of business in Chicago, Illinois.

4.  Defendant, HYATT, is a corporation organized and existing under and by virtue of the laws of the State of New Jersey with a principal place of business and/or registered agent able to accept service at the above captioned address.

5.  At all times material hereto, the Hyatt Regency Chesapeake Bay Golf Resort, Spa and Marina is a wholly owned subsidiary of its parent company, Hyatt Hotels Corporation.

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, DC 20549

**Form 10-K**

(Mark One)
☒ ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
    For the fiscal year ended December 31, 2021
☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
    For the transition period from _____ to _____

Commission File No. 001-34521

**HYATT HOTELS CORPORATION**
(Exact Name of Registrant as Specified in Its Charter)

| Delaware | | 20-1480589 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation or Organization) | | (IRS Employer Identification No.) |
| 150 North Riverside Plaza | | |
| 8th Floor,    Chicago,    Illinois | | 60606 |
| (Address of Principal Executive Offices) | | (Zip Code) |

Registrant's telephone number, including area code: (312) 750-1234
Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol | Name of each exchange on which registered |
|---|---|---|
| Class A Common Stock, $0.01 par value | H | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

**NAMES UNDER WHICH SUBSIDIARIES DO BUSINESS**

Park Hyatt Chicago
Hyatt Regency McCormick Place
Hyatt Regency O'Hare Chicago
==Hyatt Regency Chesapeake Bay Golf Resort, Spa and Marina==
Hyatt Regency Boston
Hyatt Regency Boston Harbor
Hyatt Regency Minneapolis
Hyatt Regency St. Louis at The Arch
Hyatt Regency Lake Tahoe Resort, Spa and Casino
Hyatt Regency Jersey City on the Hudson [1]

---

[1] True and correct excerpt of defendant, Hyatt Hotels Corporation, Security and Exchange Commission Annual Report.

6. At all times material hereto, defendant, HYATT, by and through its subsidiaries offer a full range of services, amenities, and facilities tailored to serve the needs of meeting and event planners, business travelers, and leisure guests.

7. At all times material hereto, defendant, HYATT, promotes, markets and/or holds itself out to New Jersey residents as the premiere hotel resort location which caters to couples, such as plaintiffs, seeking a getaway, or those enjoying a vacation together.[2]

8. Defendants, John Does 1-10; John Does Maintenance Companies 1-10; John Does Independent Contractors 1-10; John Does Cleaning/ Facility Management 1-10; John Does XYZ Companies 1-10, (hereinafter collectively referred to as "John Does 1-10"), are various fictitious and currently unidentified individuals, corporations and/or companies, duly organized and existing under and by virtue of the laws of the State of New Jersey and regularly conducting business in the State of New Jersey.

9. At all times material hereto, defendant(s), HYATT and/or John Does 1-10, jointly and/or severally, acted through its/their owners, agents, ostensible agents, workmen, employees, officers, staff, administrators, representatives, servants, and/or personnel who were then and there acting in the course and scope of his/her/their work for defendant(s), HYATT and/or John Does 1-10, under defendant(s), HYATT and/or John Does 1-10, joint and/or several control and/or right of control.

10. At all times material hereto, defendant(s), HYATT and/or John Does 1-10, was responsible for and did, in fact, determine the competency and qualifications or the lack of competency and qualifications of its/their owners, agents, ostensible agents, workmen, employees,

---

[2] https://d18rn0p25nwr6d.cloudfront.net/CIK-0001468174/ec2f121c-9941-4dd9-b50a-0aff00d26816.pdf at pg. 9.

officers, staff, administrators, representatives, servants, and/or personnel for the work duties and functions for which each person was hired to perform.

## II. VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States, and pursuant to 28 U.S.C. § 1332(a) because: (i) the amount in controversy exceeds $75,000, exclusive of interests and costs, and (ii) the plaintiffs and defendants are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. The Court has personal jurisdiction over defendants because they do business in the District of New Jersey and have sufficient minimum contacts with the District. Defendants intentionally avail themselves of the markets in this State through the offering of promotion, marketing, sale of its products and services, and hotel accommodations at issue in this lawsuit in New Jersey, and by retaining the profits and proceeds from these activities, to render the exercise of jurisdiction by this Court permissible under New Jersey law and the U.S. Constitution.

13. The Court also has personal jurisdiction over defendants because said defendants have sufficient minimum contacts with the District.

14. All defendants have materially participated in conduct that had intended and foreseeable effects on plaintiffs such that the forum Court could exercise personal jurisdiction over defendants. Defendants' conduct was purposefully directed at plaintiffs and similarly situated Plaintiffs throughout the United States and in each forum.

## III. SUBJECT INCIDENT

15. On or about August 8, 2022, plaintiff, TODD KIRY, was lawfully on a commercial property commonly known as "Hyatt Regency Chesapeake Bay Golf Resort, Spa and Marina"

located at 100 Heron Blvd, US-50, Cambridge, MD 21613 as a patron and hotel guest (hereinafter referred to as the "premises").

16. At all times material hereto, defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had under its/their individual and/or joint care and direction, the control of the ownership, supervision, maintenance, control, lease, rent, occupancy, operation, inspection, possession, general safekeeping, management, warrant, repair, design, construction, care, cleaning, security of the premises.

17. At all times material hereto, defendants, HYATT and/or John Doe 1-10, jointly and/or severally, by and through its/their owners, agents, ostensible agents, workmen, employees, officers, staff, administrators, representatives, servants, and/or personnel were acting jointly and severally together with defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had under its/their care and direction, the entire control of the ownership, supervision, maintenance, lease, rent, occupancy, operation, inspection, possession, management, warrant, repair, design, construction, care, cleaning, security of the premises.

18. At all times material hereto, defendants, HYATT and/or John Doe 1-10, jointly and/or severally, was responsible for *inter alia*, maintaining the premises and/or selecting, training, assigning, supervising or disciplining its owners, agents, ostensible agents, workmen, employees, officers, staff, administrators, representatives, servants, and/or personnel in keeping said premises in such condition that was reasonably safe for business invitees.

19. At all times material hereto, defendants, HYATT and/or John Doe 1-10, jointly and/or severally, was responsible to keep the premises safe for the anticipated use by customers, visitors, guests, patrons, the general public, and invitees.

20. At all times material hereto, defendants, HYATT and/or John Doe 1-10, jointly and/or severally, was responsible to keep the premises designated walkways free from hazards, in

good repair, and safe for the anticipated use by customers, visitors, guests, patrons, the general public, and invitees.

21. At all times material hereto, plaintiff, TODD KIRY, along with his wife, plaintiff, DANIELLE KIRY, were invitees at the premises.

22. Plaintiffs, while located in this District, booked reservations for a stay at defendants, HYATT and/or John Doe 1-10, premises.

23. Specifically, plaintiffs stay booked from the dates of August 7, 2022 through August 10, 2022.



24. On or about August 8, 2022, at or around 3:00 p.m., plaintiff, TODD KIRY, while walking carefully within said premises, suddenly and without warning, was caused to fall by reason defective, and/or dangerous condition, including, *inter alia*, a clear slippery liquid located on/of the flooring of said premises which lacked any preventative measure including but not limited to deck matting, drainage tile, vinyl mesh pool matts, and/or duckboard mats to the

---

[3] True and correct excerpt of the invoice paid by plaintiffs.

premises, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described (hereinafter referred to as the "subject fall").



25. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiffs herein.

26. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, did so wrongfully, negligently, carelessly own, control, operate, maintain, posses, lease, supervise, manage, rent, repair, design, occupy, care, secure, and/or inspect the premises so as to cause a dangerous condition to exist thereon.

27. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, actions and/or inactions failed to correct the dangerous condition.

28. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally,

did so negligently and carelessly own, occupy, operate and/or maintain the aforesaid premises so as to cause a dangerous condition to exist thereon.

29. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, owed plaintiff a duty to maintain and control the premises in such a manner so as not to create dangerous and unsafe conditions or otherwise expose plaintiffs to an unacceptable and unreasonable risk of harm or danger.

30. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, carelessly and negligently created and allowed a dangerous and defective condition to exist on the premises.

31. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had actual notice of the dangerous condition.

32. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had constructive notice of the dangerous condition because the dangerous condition existed for such a period of time and was of such an obvious nature that in the exercise of due care, should have discovered the dangerous condition and its dangerous character.

33. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had constructive notice of the dangerous condition because the dangerous condition was created by defendants, HYATT and/or John Doe 1-10, jointly and/or severally.

34. At all times material hereto, the dangerous condition constituted an unreasonably dangerous condition that created a reasonably foreseeable risk of harm incurred by plaintiffs.

35. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had or should have had notice of the existence of a dangerous condition which existed on their premises which proposed a foreseeable hazard to plaintiffs.

36. At all times material hereto, the aforementioned subject incident was caused by the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally, had or should have had notice of the existence of a dangerous condition which existed on their premises and remove the dangerous condition from the premises.

37. As a direct and proximate result of defendants, HYATT and/or John Doe 1-10, joint and/or several negligence, and carelessness in creating the subject dangerous condition plaintiff was caused to sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

38. At all times material hereto, defendants, HYATT and/or John Doe 1-10, jointly and/or severally, acted or failed to act by and through its/their owners, agents, ostensible agents, workmen, employees, officers, staff, administrators, representatives, servants, and/or personnel who were then and there working within the scope of his/her/their authority within the course and scope of his/her/their work duties and functions for which each person was hired to perform for defendants, HYATT and/or John Doe 1-10, jointly and/or severally, and on behalf of defendants, HYATT and/or John Doe 1-10, jointly and/or severally.

39. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD

KIRY, was caused to sustain serious, painful and permanent personal injuries, requiring the medical care and treatment by doctors and has been and will in the future continue to be hampered in his daily routine.

40.     As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, sustained multiple injuries including, but not limited to: right knee quadricep tendon injury requiring surgical repair; post-traumatic quadriceps muscle rupture with maceration of fibers and hematoma extending into the thigh; acute strain of muscles, fascia and tendons of the right thigh; high-grade partial tear of the medial collateral ligament; displaced fracture of proximal phalanx of the left little finger; acute lesion of left ulnar nerve; acute left carpal tunnel syndrome with median nerve compressive neuropathy at the wrist requiring surgical correction; neck injury; back injury; cervicalgia; post-traumatic left wrist pain; post-traumatic left arm pain; post-traumatic neck pain; post-traumatic left shoulder pain; post-traumatic back pain; cervical radiculopathy; post traumatic head injury; concussion; post-concussion syndrome; cervical acute injury; acute head injury; thoracic acute injury; lumbar acute injury; injury to the low back; injury to the lumbar spine; posttraumatic lumbar spine pain injury; lumbar disc injuries; injury to the nerves surrounding the lumbar discs; acute traumatic lumbar sprain and strain; posttraumatic cervical spine pain; cervical disc injuries; injury to the nerves surrounding the cervical discs; acute traumatic cervical sprain and strain; injury to thoracic spine as well as other injuries to his head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions together with shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.




41. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

42. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

43. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, has suffered an injury which is permanent, irreparable and severe.

44. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

45. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, has been and will be prevented in the future from performing his usual duties, activities, occupations and vocations and has suffered past, present and future loss of earnings and wages and loss of past, present and future earning capacity.

46. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, had he not been so grievously injured.

47. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, has incurred associated incidental expenses for which the defendants are liable.

48. As a direct and proximate result of the carelessness and negligence of defendants, HYATT and/or John Doe 1-10, jointly and/or severally causing the subject fall plaintiff, TODD KIRY, suffered injuries and damages more particularly hereinafter described.

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees

in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT II
### PLAINTIFFS, TODD KIRY AND DANIELLE KIRY VS. DEFENDANT(S), HYATT HOTELS CORPORATION a/k/a and/or d/b/a as HYATT REGENCY CHESAPEAKE BAY GOLF RESORT, SPA AND MARINA AND/OR JOHN DOE 1 – 10

49. Plaintiffs hereby incorporate by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

50. At all times relevant hereto, defendant(s), HYATT HOTELS CORPORATION a/k/a and/or d/b/a as HYATT REGENCY CHESAPEAKE BAY GOLF RESORT, SPA AND MARINA and/or John Doe 1 – 10, jointly and severally, by and through their owners, agents, ostensible agents, workmen, employees, officers, staff, administrators, representatives, servants, and/or personnel breached the duties owed to the plaintiffs and were careless and negligent as follows:

   a. caused or permitted a condition within the premises to exist for such time that it posed an unreasonable risk of injury to plaintiff and other invitees;
   b. failing to place appropriate floor matting/non-slip surface on said premises;
   c. failing to utilize anti-skid/slip mats on said premises;
   d. failing to utilize anti-skid/slip walking surface(s) in area of plaintiff's fall;
   e. failing to adequately monitor areas to prevent, identify and remediate slippery conditions;
   f. failing to warn persons of the existence of said dangerous condition of which defendant knew, or should have know had they made reasonable inspections;
   g. failing to inspect the area of plaintiff's fall on/of the premises at reasonable intervals in order to determine the condition thereof;
   h. failing to perform duties that it had assumed;
   i. failing to mop and/or otherwise remove the wet and slippery substance;
   j. failing to place caution signs at and/or near said slippery condition;
   k. failing to maintain the premises in a safe manner;

l. failing to exercise due care under the circumstances;
m. failing to provide slip resistant mat(s) and/or matting in areas where invitees are encouraged to use;
n. failing to provide moisture-absorbing mat(s) and/or matting;
o. failed to make a reasonable inspection of the subject premises which would have revealed the existence of the dangerous condition;
p. failed to make a reasonable inspection of the subject premises which would have revealed the existence of the dangerous condition;
q. failed to give warning of the dangerous condition such as erect barricades or take any other safety precautions to prevent injury to the plaintiff and other business visitors;
r. failed to give warning of the dangerous condition such as ensuring the subject floor was in such manner whereas business visitors would not be injured
s. failed to take safety precautions to prevent injury to the plaintiff and other business visitors;
t. failed to give warning to plaintiff of the subject slippery condition;
u. Causing plaintiff to slip and fall;
v. failed to properly maintain the premises floor in a proper and safe condition despite the fact that defendant had reason to know of the dangerous condition prior to plaintiff's incident;
w. failed to properly maintain the premises floor in a proper and safe condition despite the fact that defendants knew or should have known of the dangerous condition prior to the happening of plaintiff's incident;
x. failure to properly inspect and maintain the subject premises in a safe condition;
y. failure to warn business invitees, such as plaintiff, of the dangerous condition as aforementioned;
z. failure to maintain the subject premises from unreasonable hazards and unseen dangerous conditions;
aa. failing to make any changes to policies and procedures to keeping the floors dry and without hazards despite previous falls on the premises floors that resulted in personal injuries and damages;
bb. failing to correct a dangerous condition;
cc. failure to remove the dangerous conditions that caused plaintiff's fall;
dd. failure to utilize appropriate warning signs/devices to alert business invitees such as the plaintiff of the dangerous condition on/of the premises;
ee. failure to exercise reasonable care under the circumstances;
ff. failing to maintain the premises reasonably safe for persons visiting the premises like the plaintiff;

gg. failure to take proper precautions so that plaintiff would not have been injured;
hh. permitting a dangerous defect and/or condition to exist on the subject premises;
ii. failing to inspect said subject premises;
jj. failing to properly inspect said subject premises;
kk. failing to timely inspect said subject premises;
ll. failing to reasonably inspect the premises;
mm. failing to warn plaintiff of a dangerous condition and/or defect on/in/of said subject premises;
nn. failing to provide a safe and adequate enjoyment of the subject premises;
oo. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the maintenance of said subject premises;
pp. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the cleaning of said subject premises;
qq. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the safety of said subject premises;
rr. failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the removal of hazardous conditions on/in/of the subject premises;
ss. allowing said dangerous condition to remain on/in/of the subject premises for an unreasonable period of time;
tt. failing to maintain said subject floor of the premises;
uu. failing to perform duties in which it assumed;
vv. failing to properly inspect, repair, maintain the said subject premises;
ww. failing to partition;
xx. failing to properly supervise and/or manage employees;
yy. failing to properly instruct employees;
zz. hiring of unfit employees;
aaa. allowing hazardous, defective condition to remain on/in/of the subject premises despite knowing of its existence;
bbb. causing a hazardous condition to be on said subject premises;
ccc. failure to have policies in place that address notice and removal of dangerous conditions;
ddd. retention of unfit employees;
eee. failing to maintain the subject premises in a condition which would protect and safeguard persons lawfully utilizing the subject premises;
fff. failing to correct a dangerous condition;

ggg. permitting a dangerous defect and/or condition to exist on the said subject premises for an unreasonable amount of time;

hhh. failing to properly inspect, clean, repair, maintain the said subject premises in a timely manner;

iii. failing to properly repair a defective condition;

jjj. failing to correct a known problem;

kkk. failing use proper signage;

lll. failing to correct a dangerous condition that should have been known with a reasonable inspection;

mmm. failing to protect plaintiff;

nnn. failing to properly oversee the installation of a safe, non-dangerous, and defect-free premises prior to plaintiff's injury;

ooo. failing to properly oversee that the subject premises was maintained in a safe, non-dangerous and defect-free condition;

ppp. failing to properly safeguard against the unsafe, dangerous, and/or defective conditions of the subject premises;

qqq. failing to warn patrons, including plaintiff, of the unsafe, dangerous, and/or defective conditions;

rrr. failing to properly assemble the subject premises at issue to prevent and/or avoid injury to plaintiff;

sss. failing to advise invitees of a dangerous condition on/in/of the subject premises;

ttt. failing to regularly inspect the subject premises for the existence of dangerous/defective conditions, and correct or repair said condition(s) where discovered;

uuu. failing to timely, properly and/or adequately discover and/or heed warnings about the dangerous/defective condition of the subject premises;

vvv. failed to provide proper safeguards and/or warnings on the subject premises;

www. failing to properly and timely remediate said dangerous condition of said subject premises;

xxx. failing to properly hire, oversee, supervise and/or train agents or employees to inspect, discover, correct and/or repair dangerous/defective conditions on/in/of the subject premises;

yyy. failing to timely perform proper and timely inspection of the subject door and/or carts, within the subject premises for dangerous conditions;

zzz. failing to keep the subject door and/or carts, within the subject premises in a safe condition for its intended use;

aaaa. Negligence per se;

bbbb. failing to properly register, inspect, and/or build the subject premises in accordance with the local Department of Code Enforcement and Inspections codes and standards;

cccc. violated the ordinances of the Township building codes; and,

        dddd. Failing to follow generally accepted standards of care applicable to the operation of the premises.

51. All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT III
## PLAINTIFF, DANIELLE KIRY VS. ALL DEFENDANTS

52. Plaintiffs hereby incorporate by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

53. At all times relevant herein, the plaintiff, DANIELLE KIRY was the lawful wife of the plaintiff, TODD KIRY.

54. As a direct and proximate cause of the negligence, carelessness and recklessness of the defendants jointly and/or severally, as aforesaid, plaintiff DANIELLE KIRY, has been and will be deprived of the services, consortium and companionship of the plaintiff, TODD KIRY, and has been and will be deprived of the services, companionship and society in the future; and, has been and will be in the future caused to expend large sums of money in an effort to cure plaintiff, TODD KIRY, of his injuries and will be caused to incur other great expenses and consequential damages.

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

**COUNT IV**
**PLAINTIFFS, TODD KIRY AND DANIELLE KIRY VS. DEFENDANTS, JOHN DOES 1-10; JOHN DOES MAINTENANCE COMPANIES 1-10; JOHN DOES INDEPENDENT CONTRACTORS 1-10; JOHN DOES CLEANING/ FACILITY MANAGEMENT 1-10; JOHN DOES XYZ COMPANIES 1-10**

55. Plaintiffs hereby incorporate by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

56. Plaintiffs prey leave of Court to seasonably amend this Complaint and name the true identities of the JOHN DOES 1 -10; JANE DOES 1-10; ABC CORPORATIONS 1-10; ABC PARTNERSHIPS 1-10; ABC PROFESSIONAL ASSOCIATIONS 1-10; AND XYZ INSTITUTIONS 1-10 if and when their true identities and roles in the within matter are ascertained by plaintiff.

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

WAPNER, NEWMAN

**BY:** _____
**ROBERT S. MILLER, ESQUIRE**
rmiller@wapnernewman.com
Identification No. 036311992
**SIMON T. HAILEAB, ESQUIRE**
shaileab@wapnernewman.com
Identification No. 093232013
Attorney for Plaintiffs
Wapner Newman
Sagemore Corporate Center
8000 Sagemore Drive
Suite 8302
Marlton, NJ 08053
Telephone: 215-569-0900
Facsimile: 215-569-4621